Dear Mayor Saia:
This office Is in receipt of your request for an opinion of the Attorney General in regard to powers of the Mayor. Your questions are as follows:
 1. Can the mayor as custodian of the town hall building rent office space to private companies at fair market value without approval from the board of aldermen;
 2. Can the mayor as magistrate of the mayor's court hold the chief of police in contempt of court for not being present nor having a deputy present while court is in session; and
 3. Can the mayor set the rules and procedures to be followed at official town meetings, or is there some legally mandated procedure that must be follows?
R.S. 33:362 sets forth that the legislative powers of a municipality shall be vested in and exercised by the Board of Aldermen, and the mayor shall be the chief executive officer of the municipality. R.S. 33:404 includes in the powers and duties of the mayor the power to sign all contracts on behalf of the municipality. It further establishes that the Mayor is to supervise and direct the administration and operation of all municipal departments, offices and agencies in conformity with ordinances adopted by the board of aldermen.
We would, therefore, conclude the mayor as the chief executive officer of the municipality is custodian of the Town Hall and may entered into contracts for rental of space in the Town Hall to private companies unless there are ordinances to the contrary, Atty. Gen. Op. No. 92-833. He is the administrator of the property, but the aldermen may control the use by legislation.
In accordance with C.C.P. Art. 224 constructive contempt of court is any contempt other than a direct one and includes, "Willful neglect or violation of a duty by a clerk, sheriff or other person elected, appointed, or employed to assist the court in administration of justice." In addition to the duty of law enforcement in the municipality, the Chief of Police is mandated by R.S. 33:442 to attend the mayor's court and serve its process and act as its executive officer. This office has recognized if the chief of police refuses, "without cause", to perform his designated duties, he may be subject to certain legal actions, Atty. Gen. Op. No. 83-318. As stated in that opinion, we would suggest you discuss this matter with the municipal attorney and seek his advice as to possible action, since the "cause" for failure to perform a duty is a question of fact and as related above, for contempt it must be "willful".
With regard to your third question if the mayor can set the rules and regulations to be followed at official town meetings, this office has repeatedly recognized that the mayor in a Lawrason Act community merely presides over the meeting of the board of aldermen, voting only to break a tie, and cannot introduce or second motions. Atty. Gen. Op. Nos. 92-49, 90-149, 83-629. In Atty. Gen. Op. No 78-603 this office stated as follows:
 It is the opinion of this office that as the presiding officer, the mayor's role is that of a neutral and impartial manager of the efficient flow of business during the council meetings and not as a advocate in his own right. We therefore maintain that the mayor cannot introduce a motion before the body while acting in the capacity of presiding officer. See generally Robert's Rules of Order, copyright 1967, by Pyramid Publications, Inc., wherein it is noted that as a general rule in all deliberative assemblies, the presiding officer should not participate in the debate or other proceedings, in any other capacity than as such officer. He is only allowed, therefore, to state matters of fact within his knowledge; to inform the assembly on points of order or the course of proceeding, when called upon for that purpose, or when he finds it necessary to do so; and on appeals from his decision on questions of order, to address the assembly in debate. For the same reasons, it is the opinion of this office that the mayor cannot second a motion.
Thus, as stated above, generally Robert's Rules of Order are followed in conducting a meeting. However, you have indicated your question is if you can determine what will be on the agenda, who may speak, and how long.
Under the R.S. 42:7 of the Open Meetings Law all public bodies shall give written public notice of their regular meetings and such notice shall include the agenda, date, time and place of the meeting. However, significant to your question, the statute further provides that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda, and limiting the agenda is beyond the control of the Mayor by such a vote. Also, the Board may by resolution adopt rules for participation in meetings and the Mayor would be bound by these rules, but as long as there are no rules, and by insuring equal protection for participants, the Mayor may control the participation as the presiding officer.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR